# SUPERIOR COURT OF BALTIMORE CITY.

Filed January 17, 1907.

## WOLF COHN
### VS.
CHARLES J. FOX, CHIEF, MARYLAND BUREAU OF INDUSTRIAL STATISTICS OF INFORMATION.

*James Fluegel* for petitioner.
*Morrill N. Packard* for respondent.

NILES, J. (Orally)—

I will grant the prayer offered by the defendant. The position of the defendant is, that if the third story of the petitioner's house on Linden avenue should be used, except by the immediate members of the family living in said house for the manufacture of coats, vests, trousers and the other things designated in the Act (Code, Article 27, Section 249), it is within the prohibition contained in the Act against any room or apartment, in any dwelling house being so used. This position I sustain. It makes no difference whether the rooms in which that manufacturing is carried on are actually slept in by members of the family or not, nor does it make any difference what the hygienic conditions of such rooms may be. The object of the law is to keep the two things—that is, a dwelling house and the place for the manufacture of the enumerated articles—separate. Any house which is used as a dwelling house cannot also be used as such a manufactory, except by members of the family, and then only when all the conditions are shown to the State Labor Bureau to be satisfactory and a permit is given. So that the two points that I decide, and that determine this case, are:

First. That no house used as a dwelling house, in any part, can also be used under any circumstances by any person outside of the family as such manufactory.

Second. That it can only be used for such manufacture by the members of the family, after inspection by the Labor Bureau and a permit granted.

In this case, the rooms where the manufacture was carried on are, in the opinion of the court, a part of the same dwelling house where a family lived. Whether there may not be such a construction of a house by apartments or flats that two or more "dwelling houses" (in the eye of the law) may be enclosed within one set of walls, and under one roof, is not a question now. If these rooms were reached by an outside entrance, had no connection with any other part of the house, were a separate living place, a separate domicile, a separate building for all intents and purposes, the question might arise. But the third story of a dwelling house cannot be made something else merely by the owner calling it a "flat."

The petitioner also claims that the kind of manufacturing carried on by him is not within the terms of the Act, and that no permit is necessary for him.

This, however, is not a point which can be made in this case by him, for it would make him ask for mandamus and, in the same breath, say that it was unnecessary and useless. This point must be raised, if at all, by other proceedings.